PAYNE, Postmaster-General, *v.* BATES & GUILD COMPANY.

UNITED STATES MAILS; SECOND CLASS MAIL MATTER; INJUNCTIONS; DISCRETION.

An injunction will not lie to compel the Postmaster-General to admit to the mails as second-class mail matter, a new publication entitled *Masters in Music, a Monthly Magazine,* bearing the imprint *Mozart,* and containing a biographical sketch of that musician, and a number of pages of printed music selected from his compositions, which publication has been refused admission to the mails at second-class rates on an application of the publishers; the question of the admissibility of the same at such rates under the postal laws and regulations being one calling for the exercise of discretion on the part of the Postmaster-General in deciding it and not requiring the doing of a mere ministerial act (following *Payne* v. *Houghton, ante,* p. 234).

No. 1309.   Submitted May 19, 1903.   Decided June 5, 1903.

HEARING on an appeal by the Postmaster-General from a decree of the Supreme Court of the District of Columbia awarding an injunction restraining him from excluding a publication of the complainant from entry and transportation in the mails at second class rates.                                        *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. John G. Johnson* and *Mr. Henry H. Glassie,* special assistants to the Attorney-General, for the appellant.

*Mr. Holmes Conrad* and *Mr. William S. Hall* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The bill for injunction in this case is similar in respect of formal allegations to that in No. 1303, *Payne* v. *Houghton,* and others, with which it was argued and submitted by the same counsel [see *ante,* p. 234]. The publication is entitled *Masters in Music, a Monthly Magazine,* and was begun in January, 1903. The first number, filed as an exhibit with the bill, bears the imprint, *Mozart.* It contains a brief biographical sketch of the distinguished musician, some critical notes, and then 32 pages of sheet music, selected from the compositions of the master. Immediately after the publication of this first number, its admission to the mails as second-class matter was demanded on the ground that it was a periodical publication within the meaning of the 10th section of the postal law, and complied with the conditions prescribed in the 14th section.

Permission was refused by the Postmaster-General, and the bill was filed January 27, 1903, for an injunction to restrain him from excluding the said publication from entry and transportation in the mails at second-class rates.

As but one number of the *Masters in Music* had made its appearance when the bill was filed, it is unnecessary to consider whether the contemplated series is subject to the objections raised against the Riverside Literature Series, in *Payne* v. *Houghton, ante,* 234, or may properly fall within the class of periodicals to which, as was held in that case, the second-class mailing privilege is limited. When application was made to the Postmaster-General, the question was one that unquestionably demanded the exercise of discretion in deciding it. As but one number had been issued, and that, stripped of its cover with the designation of *Magazine,* would have all the appearance of an unbound book, the facts relating to the contents of future numbers could only be obtained from the representations made by the publishers. Whilst he may undoubtedly ac-

cept these representations in the case of a new publication, when satisfied with the conformity of the first number, he is not bound to do so.    If not satisfied, he could insist upon a literal compliance with all of the conditions of § 14, before taking final action.

The facts of this particular case illustrate the danger of granting relief by way of mandatory injunction, as has been done in this case.    By the terms of the final decree the complainant is declared "entitled to have its publication entered, received, and transmitted through the mails as matter of the second class" and the Postmaster-General is perpetually restrained from denying to the complainant the receipt, entry, and transmission through the mails of its publication entitled *Masters in Music* as mailable matter of the second class    *    *    *    and also from refusing to receive said publication and transmit the same, etc.    No matter, then, what may be the particular contents of future numbers of the *Masters in Music,* the Postmaster-General is bound to receive and transport them as second-class mail matter as long as they retain a paper cover and bear the title of the first number issued.

We are of the opinion that the decision required of the Postmaster-General in the application of the complainant was not a mere formal or ministerial act.    As was said in the recent case of *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 47 L. ed. 1074, 23 Sup. Ct. Rep. 698.

"Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction. *    *    *    If this writ were granted, we would require the Secretary of the Interior to repudiate and disaffirm a decision which he regarded it his duty to make in the exercise of that judgment which is reposed in him by law, and we should require him to come to a determination upon the issues involved directly opposite to that which he had reached, and which the law conferred upon him the jurisdiction to make.    *    *    *    The responsibility, as well as the power, rests with the Secretary, uncontrolled by the courts."

D. C.]                          Syllabus.

The decree will be reversed, with costs, and the cause remanded with direction to dismiss the bill.    It is so ordered.

*Reversed.*

Affirmed by the Supreme Court of the United States, 194 U. S. 106.